STEVEN F. GRUEL (CSBN 213148)
655 Montgomery Street, Suite 1700
San Francisco, California 94122
Telephone Number (415) 989-1253

JOHN T. PHILIPSBORN (CSBN 83944)
507 Polk Street, Suite 250
San Francisco, CA 94102
Telephone Number (415) 771-3801

Attorneys for JULIE YANG LEE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR.S-05-0182-LKK |
| Plaintiff, | |
| Vs. | UNOPPOSED and EXPEDIATED DEFENSE MOTION AND ORDER CONTINUING STATUS CONFERENCE |
| JULIE YANG LEE, | |
| Defendant. | |

   Defendant, Julie Yang Lee, through and by her attorney, Steven F. Gruel hereby respectfully moves the Court to continue the Status Conference scheduled for April 25, 2005 at 9:30 a.m. to June 27, 2006 at 9:30 a.m.

   This case involves 4 counts of mail fraud and 3 counts of witness tampering.  Essentially, the government alleges that in 2001 Ms. Lee applied for and received a state grant of $500,000 from the California Department of Park and Recreation.  It is further alleged that a portion of the

*UNOPPOSED and EXPEDIATED
DEFENSE MOTION AND [PROPOSED]
ORDER CONTINUING STATUS
CONFERENCE*
- 1

proceeds from this state grant ($125,000) were disguised as *bona fide* disbursements from the grant and were really campaign donations for Secretary of State candidate Kevin Shelley. The prosecution alleges that subsequent state audits of this grant resulted in Ms. Lee mailing fraudulent invoices, bank records, checks and the like to the state auditors and the California State Controller.

As the Court will recall, this case involves an ongoing parallel state prosecution pending in San Francisco Superior Court before the Honorable James J. McBride. The California Attorney General and the San Francisco District Attorney filed a 10 count criminal complaint focusing on the same alleged criminal conduct briefly described above.

These two prosecutions have been moving forward. The federal prosecutors provided approximately 8,000 pages of discovery while the state prosecutors provided 6,000 pages of discovery. Given the dual prosecutions, the Lee defense has been dealing with discovery issues and pretrial matters in both courts.

Recently, in the state prosecution, it was uncovered that the Lee defense has not received all of the documents relating to the numerous state investigations of Ms. Lee that culminated in these state and federal cases. Through the use of several defense *subpoenas duces tecum,* served on the Charitable Trust and the False Claim sections of the state Attorney General's office, the California Fair Practices Commission, the California Department of Parks and Recreation, the San Francisco City Attorney's office and the California State Controller's Office, it was recently learned that there are over 260,000 pages of relevant investigative documents, yet to be disclosed to the Lee defense, that directly pertain to the investigations of Ms. Lee and the

*UNOPPOSED and EXPEDIATED
DEFENSE MOTION AND [PROPOSED]
ORDER CONTINUING STATUS
CONFERENCE*

- 2

allegations in both prosecutions. These undisclosed documents not only include reports and statement of the state and federal witnesses, but include tape recorded statements as well.

While revealing this information to the defense and the state court, the State Attorney General's Charitable Trust Section, the State Attorney General's False Claims Section and the California Fair Political Practices Commission, however, have moved to quash the defense subpoenas. The motions to quash were scheduled for hearing on April 6, 2006 before Judge McBride. However, due to the number of pleadings filed in the matter, Judge McBride continued the hearing to May 4, 2006 at 2:00 p.m. because he did not have the time to read all the filed materials.

To date, the federal prosecution has been extremely accommodating in allowing the defense the time to prepare these cases. This case, however, is not ready for the setting of a motions or trial date. Rather, given the above, the defense requires more time to now obtain and review the materials generated by the other state investigative agencies that have yet to be disclosed. Moreover, the early disclosure of *Jencks* material will assist in moving this case along in lieu of filing needless discovery motions.

The defense requests a new status date of June 27, 2006. At that time the defense will either have the new investigative materials or will make application to the Court for Rule 17 subpoenas.

The government represents that it is prepared to proceed to trial at the earliest available date, but does not oppose the defendant's motion for a continuance.

The parties concur that the time between April 25, 2006 to June 27, 2006 is excluded under the Speedy trial Act pursuant to 18 U.S.C. Sections 3161(h)(8)(B)(iv) (time to prepare), Local Code T4.

DATED: April 20, 2006

        __/s/ Steven Gruel_____
        STEVEN F. GRUEL,
        Attorney for Defendant
        JULIE YANG LEE

ORDER REGARDING STATUS CONFERNCE

PREDICATED on the above motion and GOOD CAUSE APPEARING THEREFROM, the Court continues this matter for further status conference to June 27, 2006 at 9:30 a.m. Defense counsel requests and needs time to file and litigate the discovery motions described above. The Court finds that the time between April 25, 2006 to June 27, 2006 is excluded under the Speedy trial Act pursuant to 18 U.S.C. Sections 3161(h)(8)(B)(iv) (time to prepare), Local Code T4.

IT IS SO ORDERED.

DATED: April 20, 2006        /s/ Lawrence K. Karlton
                                        HONORABLE LAWRENCE K. KARLTON
                                        Senior U.S. District Court Judge